# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## DONNA KAY BRISTER DAVIS v. JOHN W. DAVIS

**Circuit Court for Shelby County**
**No. CT-002379-02**

---

**No. W2005-01304-COA-R3-CV - Filed November 27, 2006**

---

### DISSENTING OPINION

It is difficult for this member of the Court to believe that husband, who had been married twice before, did not understand the effect of a deed or that he was "duped" by wife into conveying his property. The more likely scenario is that husband was fearful that wife would gain an interest in his business and that he agreed to convey the residential property in exchange for her acquiescence not to seek such an interest.

As noted by the majority, a conveyance of property between spouses creates a rebuttable presumption of a gift. Denton v. Denton, 33 S.W.3d 229 (Tenn. App. 2000). Mr. Davis voluntarily went to the office of wife's attorney and signed the quitclaim deed. Mrs. Davis was not present. Mr. Davis admitted at trial that he knew he was conveying title to Mrs. Davis. These facts do not support the conclusion that husband was forced, pressured, or duped into signing a quitclaim deed.

The majority places reliance primarily on the trial court's factual findings and credibility determination. Appellate courts place great weight upon the factual findings of the trial court unless the preponderance of the evidence is otherwise. T.R.A.P. 13(d). We will not disturb a trial court's determination of credibility unless other real evidence compels a contrary conclusion. Haverlak v. Memphis Aviation, Inc., 674 S.W.3d 297 (Tenn. Ct. App. 1984). Findings by the trial court, therefore, are not absolute, but must yield to considerations of the preponderance of the evidence and the effect of other real evidence. "The court reviews a trial court's credibility assessments with deference . . . In contrast, we independently assess documentary proof, such as depositions and other records, without deference to the trial court [citation omitted]." Waller v. State of Tennessee, 2006 WL 2956515 (Tenn. Ct. App.). See also Wright Medical Technology, Inc. v. Grisoni, 135 S.W.3d 561, 593 (Tenn. Ct. App. 2001).

In this case, there is other real evidence in the form of a document, namely, a quitclaim deed, which apparently was executed both knowingly and voluntarily. I would find that the evidence preponderates against the finding, and therefore, I respectfully dissent from the holding of the majority.

---

ALAN E. HIGHERS, JUDGE